**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SHARON WILKES

                                            Civil No.  19-1504 (JRT/TNL)
                        Plaintiffs,

                                            **MEMORANDUM OPINION AND**
v.                                          **ORDER DENYING DEFENDANT'S MOTION**
                                            **TO DISMISS FOR FAILURE TO PROSECUTE**
BIFFS, INC.,                                **AND GRANTING IN PART AND DENYING**
                                            **IN PART DEFENDANT'S RULE 12(b)(6)**
                        Defendants.         **MOTION TO DISMISS**

---

Frederick L. Neff, **NEFF LAW FIRM, P.A.**, 7400 Metro Boulevard, Suite 165, Edina, MN 55439, for plaintiff.

Nicole F. Dailo, Jason P. Hungerford, and Sandra L. Jezierski, **NILAN JOHNSON LEWIS PA**, 250 Marquette Avenue South, Suite 800, Minneapolis, MN 55401, for defendants.

Plaintiff Sharon Wilkes brings this action against her former employer, Defendant Biffs, Inc. ("Biffs").  Wilkes alleges that Biffs unlawfully discriminated against her, particularly after new managers Heather and Derek Pauling (the "Paulings") took over the company.  Wilkes filed her initial complaint on June 7, 2019.  She then failed to comply with two orders by the Magistrate Judge to amend the Complaint and to notify Biffs.  Biffs filed a Motion to Dismiss for Failure to Prosecute, Failure to Obey Court Order, and Failure to State a Claim.

Although there was a delay in Wilkes's amending of her Complaint and giving notice to Biffs, this delay does not warrant a procedural dismissal. Therefore, the Court will deny Biffs' Motion to Dismiss for Failure to Prosecute and Failure to Obey Court Order.  Because Wilkes's federal claim is based on Title VII despite the fact that Title VII does not apply to the type of discrimination Wilkes alleges, the Court will grant Biffs' Motion to Dismiss to the extent it relates to the federal-law claim.  The Court will then dismiss without prejudice Wilkes's state-law claims because the Court declines to exercise supplemental jurisdiction after dismissing all claims over which the Court has original jurisdiction.

**BACKGROUND**

**I.      FACTUAL BACKGROUND**

Sharon Wilkes worked for Biffs for 15 years before new owners, Heather and Derek Pauling, took over the company in 2015.  (Am. Compl. ¶ 12, Sept. 28, 2019, Docket No. 7.) At that time, Wilkes held the titles of director of finance and human resources director. (*Id.* ¶ 15.)  After the Paulings took over the company, Wilkes observed what she believed to be illegal acts, which she reported to supervisors, including the Paulings.  (*Id.* ¶ 12.) Wilkes reported incidents starting in August 2015 included a Biffs employee driving a truck while under the influence of drugs; tax deduction of personal purchases while falsely claiming them to be for business purposes; paying cash to workers without notifying the

IRS by 1099 or W-2; and conducting business in Wisconsin without a license to do so. (*Id.* ¶ 24.)

After Wilkes began to report these violations, Biffs allegedly engaged in several retaliatory acts. (*Id.* ¶ 26–30.) These actions included insulting remarks; unjustified criticism; embarrassing Wilkes in front of others; making false accusations; forcing Wilkes to do work that the Paulings knew was likely to be painful and injure her because of her arthritis; and other abusive acts that caused her severe physical and emotional harm. (*Id.* ¶ 20.) Wilkes alleges that these acts were aimed at making her so uncomfortable in her job that she would quit or would create a pretextual basis for her firing. (*See, e.g., id.* ¶ 51.) Wilkes was fired from her job on March 16, 2018. (*Id.* ¶¶ 28, 51.)

In addition to her alleged whistleblower status, Wilkes claims she was also discriminated against because of age, disability, and marital status. (*Id.* ¶¶ 31–49.) Finally, Wilkes alleges that Biffs intentionally and maliciously discriminated against her by requiring her to perform acts that would cause emotional distress. (*Id.* ¶ 118.)

Wilkes filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 7, 2018, and the EEOC issued a Notice of Right to Sue on April 12, 2019. (Declaration of Jason P. Hungerford ("Hungerford Decl.") ¶¶ 2–3, Ex. 1–2, Nov. 1, 2019, Docket No. 14.)

## II.   PROCEDURAL BACKGROUND

Wilkes filed her initial Complaint on June 7, 2019.  (Compl., June 7, 2019, Docket No. 1.)   Wilkes agreed to amend the original Complaint to remedy pleading and procedural issues after the parties met and conferred.  (Stip., July 10, 2019, Docket No. 4.)

Magistrate Judge Tony Leung issued a text-only Order the next day, requiring Wilkes to file her Amended Complaint by August 1, 2019, and to "provide [Biffs] a copy of this Order" because they had "not yet appeared in th[e] matter."  (Order, July 11, 2019, Docket No. 5.)  Wilkes did not file an Amended Complaint by August 1, and she never informed Biffs of the July 11 Order.  (Hungerford Decl. ¶ 5.)

The Court issued a second Order on September 20, 2019, directing Wilkes to file her Amended Complaint by September 27, 2019.  (Order at 1, Sept. 20, 2019, Docket No. 6.)  Wilkes filed her Amended Complaint on September 28, 2019.  (Am. Compl. ¶ 5.) Wilkes did not notify Biffs of either the Amended Complaint or the September 20 Order until October 11, 2019.  (Hungerford Decl. ¶ 6, Ex. 4.)

Biffs moved to dismiss the Amended Complaint with prejudice under Fed. R. Civ. P. 12(b)(6), 16(f), and 41(b) for failure to state a claim, failure to prosecute, and failure to comply with a court order.  (Mot. to Dismiss, Nov. 1, 2019, Docket No. 11.)

**DISCUSSION**

I.    **STANDARD OF REVIEW**

   A.    **Failure to Prosecute & Comply with Court Order**

   Rule 41(b) authorizes the dismissal of an action "[i]f the plaintiff fails to prosecute

or to comply with [the federal rules] or a court order."  Fed. R. Civ. P. 41(b).  "The power

to dismiss under Fed. R. Civ. P. 41(b) is not unlimited, however."  *M.S. v. Wermers,*

557 F.2d 170, 175 (8th Cir. 1977).  "[T]he sanction imposed by the district court must be

proportionate to the litigant's transgression."  *Rodgers v. Curators of Univ. of Mo.,*

135 F.3d 1216, 1219 (8th Cir. 1998).

   Similarly, Rule 16(f) permits dismissal if a party or her attorney "fails to obey a

scheduling or other pretrial order."  Fed. R. Civ. P. 16(f).  District courts can "issue any just

orders" when defendants fail to obey a pretrial order or generally fail to participate in

good faith.  *Amplatz v. Country Mut. Ins. Co.*, 823 F.3d 1167, 1172 (8th Cir. 2016) (quoting

Fed. R. Civ. P. 16(f)(1)(C)).[1]

   When considering whether to dismiss a case with prejudice under Rule 41(b), the

Court must determine "whether in the particular circumstances of the case the needs of

_____

[1] Plaintiff argues that a test from *Firoved v. General Motors Corp.,* 152 N.W.2d 364 (Minn.
1967), a Minnesota Supreme Court case, should apply here.  This is an error; the case is
pleaded under federal-question jurisdiction, and the Court is bound only by the Federal
Rules of Civil Procedure.

the court in advancing a crowded docket and preserving respect for the integrity of its

internal procedures are sufficient to justify the harsh consequences of forever denying a

litigant his day in court." *Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193

(8th Cir. 1976). To determine whether such dismissal is warranted, courts use a balancing

test that "focuses in the main upon the degree of egregious conduct which prompted the

order of dismissal and to a lesser extent upon the adverse impact of such conduct upon

both the defendant and the administration of justice in the District Court." *Id.* at 1193.

Even so, granting "[d]ismissal with prejudice is a drastic and extremely harsh sanction."

*Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985). It should be used only

"when lesser sanctions prove futile." *Bergstrom v. Frascone*, 744 F.3d 571, 575 (8th Cir.

2014) (cleaned up).

### B.      Failure to State a Claim

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

Court considers all facts alleged in the complaint as true to determine if the complaint

states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.,* 588

F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. Although the Court accepts the complaint's factual allegations as

true and construes the complaint in a light most favorable to the plaintiff, it is "not bound

to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II.     FAILURE TO PROSECUTE & COMPLY WITH COURT ORDER

Biffs urges the Court to dismiss this action for failure to prosecute because courts have done so before.  However, the two District of Minnesota cases cited are not binding on the Court and easily distinguishable.  *Witthuhn* involved a plaintiff who failed to substitute counsel after his counsel withdrew; did not respond to an Order requiring him to show cause why his claim should not be dismissed for lack of prosecution; and did not update his contact information with the court.  *Witthuhn v. Nationstar Mortg., LLC*, Civil No. 13-680 (JNE/JJK) 2014 WL 4232037 at *2 (D. Minn. Aug. 26, 2014).  *Ballard* involved a plaintiff who "simply has failed to participate in any of the proceedings," likely because his claim related to First Amendment violations during his imprisonment, and he was then released from custody.  *Ballard v. Holinka*, Civil No. 09-679 (PAM/JSM) 2011 WL 317720 (D. Minn. Jan. 5, 2011), *report and recommendation adopted*, 2011 WL 308545 (D. Minn. Jan. 25, 2011).

Here, although there is a record of delay, it resulted in only minimal (if any) prejudice to Biffs; at most they would have filed a motion to dismiss a few months earlier.

Biffs also make no argument that the delay adversely impacted the Court.  *See Moore*,

539 F.2d at 1193 (noting that adverse impact to both the defendant and the Court must

be considered).  Moreover, lesser sanctions have not yet been imposed.  The Court will

therefore deny Biffs request for dismissal with prejudice pursuant to Rules 41 and 16.

**III.  FAILURE TO STATE A CLAIM**

> **C.      Federal Discrimination Claims**

Wilkes brings her federal-law discrimination claims under Title VII, but Title VII

does not recognize claims related to discrimination on the bases of disability, age, or

marital status.  *See* 42 U.S. § 2000e-2(a)(1) (making it unlawful for an employer "to

discriminate against any individual . . . because of [their] race, color, religion, sex, or

national origin").[2]  Because Title VII does not recognize Wilkes' federal discrimination

claims, and because Wilkes does not assert claims under the correct federal statutes,

Wilkes does not state a claim of employment discrimination under federal law.[3]

---

[2] *See also Swatzell v. Bd. of Regents, Se. Mo. State Univ.*, No. 1:16-cv-262 JAR, 2017 WL
3116150, at *4 (E.D. Mo. July 21, 2017) ("Discrimination against an individual with a
disability is not actionable under Title VII."); *Carlisle v. St. Charles Sch. Dist.*, 507 F. Supp.
2d 1018, 1027–28 (E.D. Mo. 2007) ("Age discrimination claims are not actionable under
Title VII."); *Wesman v. United Parcel Serv., Inc.*, Civil No. 08-457 (DSD/SRN), 2008 WL
2564458, at *3 (D. Minn. June 24, 2008) ("Title VII, however, does not provide a cause of
action for marital status discrimination.").

[3] Furthermore, any of Wilkes' federal claims arising before June 11, 2017, are time barred
because they fall outside of the 300-day statute of limitations for Title VII.  *See* 42 U.S.C.
§ 2000e-5(e).

Therefore, the Court will grant in part Biffs' 12(b)(6) motion as it relates to Wilkes's Title VII claims.

### D.      State-Law Claims:

Under its one-year statute of limitations, Wilkes's alleged state-law discrimination claims arising prior to April 7, 2017, are time barred.  *See* Minn. Stat. § 363A.28, subd. 3. Wilkes's intentional infliction of emotional distress ("IIED") claims are subject to a two-year statute of limitations, meaning claims arising prior to April 7, 2016, are time barred. *See Wenigar v. Johnson*, 712 N.W.2d 190, 209 (Minn. App. 2006) (concluding that IIED claims are subject to the two-year statute of limitations for "other tort[s] resulting in personal injury" found in Minn. Stat. § 541.07(1)).  Finally, Wilkes's retaliation claims under the Minnesota Whistleblower Act ("MWA"), Minn. Stat. § 181.932, subd. 1(1), are subject to a six-year statute of limitation.  *See Ford v. Minneapolis Public Schs.*, 874 N.W.2d 231, 234 (Minn. 2016) (holding that MWA retaliation claims are subject to the six-year statute of limitations found in Minn. Stat. § 541.05, subd. 1(2)).

Under the supplemental-jurisdiction statute, 28 USC § 1367, the Court may dismiss state-law claims when all other claims over which it had original jurisdiction have been dismissed.  28 USC §1367(c)(3).  The Court will do so here.  Wilkes may opt to refile in state court within the period of limitations as amended by § 1367.  28 USC § 1367(d) ("[t]he period of limitations for any claim . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling

period."); *see also Artis v. District of Colombia*, 138 S.Ct. 594, 607–08 (2018) (clarifying

that the 30-day period in § 1367(d) is not just a grace period but continues the stopped

clock on the statute of limitations).

**CONCLUSION**

Because of a lack of prejudice from delay, and because Defendant fails to make the

required showing of prejudice to both Defendant and the Court, the Court will deny

Defendant's Motion to Dismiss under Rules 41(b) and 16(f).  Because Plaintiff pleaded her

discrimination claims pursuant to Title VII, which does not recognize them, the Court will

grant in part Defendant's Rule 12(b)(6) motion as to the Title VII claims.  Finally, the Court

will dismiss the state-law claims found in the Amended Complaint because it declines to

exercise supplemental jurisdiction over them after dismissing all claims over which it has

original jurisdiction.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      Defendants' Motion to Dismiss for Lack of Prosecution and Motion to

Dismiss/General [Docket No. 11] is **GRANTED** in part and **DENIED** in part:

a.  Dismissal for failure to prosecute is **DENIED**.

b.  Dismissal for failure to comply with a court order is **DENIED**.

    c.  Dismissal for failure to state a claim under Title VII is **GRANTED**.

2.       All remaining state-law claims are **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 11, 2020
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court